IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

Miscellaneous Matter No. 4:10CM17 JLH

IN RE: REGISTRATION OF THE JUDGMENT
IN A CRIMINAL CASE AND THE RESTITUTION
ORDER ISSUED IN UNITED STATES OF AMERICA
v. STEVEN EUGENE CAULEY; U.S.D.C. S.D.N.Y.
CASE NO. 1:09 CR 00551 (PAC)

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR - 2 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

## ORDER

J. Allen Carney, as co-escrow agent for the settlement fund created in In Re: BYSIS Securities Litigation, has petitioned the Court for authority to file a judgment and restitution order in the case of United States of America v. Steven Eugene Cauley, Case No. 1:09-CR-551 (PAC) (S.D.N.Y. Nov. 24, 2009), so that the judgment and restitution order will constitute a judgment lien on any real property that Steven Eugene Cauley owns in this district.

The petition does not specify the statutory provision pursuant to which registration of the judgment is authorized. The United States Code provides that at the request of a victim named in a restitution order, the clerk of the court shall issue an abstract of judgment certifying that a judgment has been entered in favor of the victim in the amount specified in the restitution order, and that the abstract of judgment shall be a lien on the property of the defendant located in such state in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that state. 18 U.S.C. § 3664(m)(1)(B). The United States Code also authorizes a judgment entered in one district to be registered in another so that the judgment so registered will have the same effect as a judgment of the district court in the district where registered and may be enforced in like manner. 28 U.S.C. § 1963. Neither statute expressly authorizes the victim named

in a restitution order in a criminal case to register the judgment and restitution order in another district, although read together they may do so. Other statutes may also be relevant.

In view of the uncertainty as to the authority pursuant to which the petition is filed, the Court directs that counsel for the petitioner serve a copy of the petition and this order on the attorneys of record in United States of America v. Steven Eugene Cauley, S.D.N.Y. Case No. 1:09-CR-551 (PAC): Mr. John Wesley Hall, attorney for Steven Eugene Cauley, and Mr. William John Stellmach, the United States Attorney for the Southern District of New York who represented the government. Counsel for the petitioner must file a certificate of service stating the date upon which the petition and this order were served and the means of service. If Steven Eugene Cauley or the government objects to the registration of the judgment and restitution order as requested in the petition, objections must be filed on or before the 30th day after service of the petition and a copy of this order. If no objection is filed within that time, the Court will enter an order directing the clerk to register the judgment and restitution order as requested in the petition. If a party objects to the petition, the objection should be accompanied by a memorandum brief stating the grounds for the objection. If objections are filed, any response on the part of J. Allen Carney must be filed within fourteen (14) days after the objections are filed.

IT IS SO ORDERED this 2nd day of March, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE